No. 6835.

STATE EX REL. J. S. RAY, PUBLIC ADMINISTRATOR, VS. THE JUDGE OF THE PARISH COURT OF OUACHITA PARISH.

Where an executor's account, which he prays to be homologated, is opposed in several particulars, and the oppositions after adjudication below, are appealed to, and finally passed on by this court, and all the issues involved in the account definitively settled, the executor can not appeal from a subsequent decree of the lower court, homologating the account as settled by the judgment of this court

APPLICATION for a mandamus.

John Ray for relator.

Defendant for himself.

The opinion of the court was delivered by

MANNING, C. J.   James S. Ray, the public administrator of Ouachita parish and *ex officio* dative testamentary executor of the succession of

J. M. Harris, filed his final account which was duly advertised, and by him prayed to be homologated. One of the creditors, a former opponent of various charges against the succession made by the executor, moved the court for its homologation in accordance with the prayer of the executor. It was unopposed, and no creditor, heir, or legatee complained of any part of it. There was judgment of homologation, and the executor applied for an appeal which was refused. Thereupon a. writ of mandamus was obtained from this court in the usual form.

The judge of the parish court answers that his judgment was precisely what the executor prayed, and that he can not appeal from a judgment which, both in form and substance, was identically that recited and demanded in his pleadings.

Some time previous to these proceedings, the executor had filed a. provisional account which was opposed, and the contestation thus formed was reviewed by us at the last term at Monroe. Succession of Harris, 29 Annual, 743. The whole litigation was before us then, and the various items opposed were examined with unusual minuteness of detail, and the account was corrected in many particulars. The only item not finally adjudicated then, was the executor's commissions, as to which there was judgment of nonsuit.

The account, subsequently presented to the parish court and now before us, appended to the judge's answer, is but a correction of the one previously filed and opposed. The changes made are those directed by this court to be made. The decree then rendered had accomplished all that was desired or needed by the parties, and the adjudication of the several claims, both of executor and opponents, was final. It appears however that the account, amended as we ordered, was advertised as a final account, and the opponent of the account in its original shape was the creditor who now moved its homologation in its amended form, and we are at a loss to perceive who has just cause of complaint. The executor obeyed the mandate of this court in making the corrections, and the opponents had obtained all they could in the way of correction.

The motive of relator in praying the appeal is stated to be to cure the informality and illegality of a decree of homologation rendered without the exhibition of vouchers, proofs, etc. But the trial upon that proof had already taken place. We considered it on appeal, and rendered a final decree upon every item except one, and the record itself contains the proof necessary to sustain that one in the absence of any opposition. It would seem indeed that the filing of our decree, rendered on the opposed account, was a termination of the controversy, and the executor had but to settle the succession in accordance with it. No other trial was needed unless the opposition to the executor's commis-

sions formed the only remaining issue, and no farther objection appears to have been made to that item. If this were an account, for the first time now presented to the parish court, and never before examined, and adjudicated, the case would be different. But we have seen it is otherwise.

The peremptory mandamus is refused at the costs of relator.